## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

DERRECK DKSON JOSEPH,
DOB: 09/24/1997

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0339-25**
GPD Report No.25-15418

**DECISION & ORDER
RE. MOTION TO DISMISS FOR
DOUBLE JEOPARDY VIOLATION**

This matter came before the Honorable Alberto E. Tolentino on March 12, 2026, for a hearing to address Defendant Derreck Dkson Joseph's ("Defendant") Motion to Dismiss for Double Jeopardy Violation. The Defendant was present with counsel Public Defender Adam Gunkel. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's Motion to Dismiss for Double Jeopardy Violation.

### BACKGROUND

Based on events that occurred on or about June 17, 2025, the Defendant was charged with VIOLATION OF A COURT ORDER (As a Misdemeanor). *See* Magistrate's Compl. (Sep. 22, 2025). Specifically, he was charged with knowingly violating a court order filed on September

20, 2024, in Criminal Case CF0375-24, ordering him "to stay away from the residence, dwelling, school, day care center, place of employment, or any other specified place or from a specific person, within five hundred feet (500') of that specified place or specified person." *Id.*

Following a bail hearing, the Defendant filed a Motion to Dismiss for Double Jeopardy Violation ("Motion to Dismiss") on February 3, 2026. Prior to disposition of the Motion to Dismiss, the Defendant also asserted his right to a speedy trial pursuant to 8 GCA § 80.60.[1] However, the forty-five-day period to bring trial is tolled in light of the Defendant's Motion to Dismiss. The People subsequently filed a Non-Opposition to the Motion to Dismiss ("Non-Opposition"). The court heard oral arguments at a Motion Hearing on March 12, 2026, and ultimately took the Motion to Dismiss under advisement.

## DISCUSSION

Under the Fifth Amendment to the United States Constitution, "[n]o person shall be 'subject for the same offense to be twice put in jeopardy of life or limb.'" *See People v. Manila*, 2005 Guam 6 ¶ 11 (quoting U.S. Const. Amend. V). These protections apply to Guam through § 1421b(u) of the Organic Act of Guam. *Id.* "The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple criminal punishments for the same offense." *People v. Torres*, 2008 Guam 26 ¶ 16 (citing *United States v. Halper*, 490 U.S. 435, 440 (1989), as modified by *Hudson v. United States*, 522 U.S. 93, 99 (1997)).

---

[1] Because the Defendant was detained at the time of arraignment, the court has forty-five (45) days to bring trial pursuant to 8 GCA § 80.60(a). The Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute good cause for tolling the speedy trial clock. *See Ungacta v. Superior Court of Guam*, 2013 Guam 29 (arguing that "delays caused by, or for the benefit of the defendant constitute good cause for speedy trial purposes."). This Motion to Dismiss is the type of delay by the Defendant, and for his benefit, that is good cause for speedy trial purposes. Therefore, the Defendant's speedy trial clock is tolled as of February 13, 2026.

The Defendant argues that this prosecution is barred, because double jeopardy attached when the Honorable Maria T. Cenzon imposed a seven-day sanction for the Defendant's violation of a court order in CF0375-24. *See* Def.'s Mot. Dismiss (Feb. 3, 2026). "In determining whether a double jeopardy violation exists, the court must first determine whether jeopardy has previously attached." *Torres*, 2008 Guam 26 ¶ 18 (citing *People v. Manila*, 2005 Guam 6 ¶ 23). Although the People filed a Non-Opposition to the Motion to Dismiss, the court still has an obligation to review the merits of the issue.[2]

**A. Jeopardy attached when Defendant Joseph received a seven-day sanction in CF0375-24 for the same offense charged in this case.**

"With regard to contempt, only criminal contempt sanctions, not civil contempt sanctions, qualify as the initial jeopardy that prevents future criminal proceedings against the accused." *Torres*, 2008 Guam 26 ¶ 17 (citing *Yates v. United States*, 355 U.S. 66, 74 (1957); *see also In re Farr*, 134 Cal. Rptr. 595, 599 (Cal. Ct. App. 1976) ("[T]he preclusion of multiple prosecution . . . applies to the criminal contempt process.")). "If the relief provided is a sentence of imprisonment, it is remedial and civil if 'the defendant stands committed unless and until he performs the affirmative act required by the court's order[.]'" *Id.* ¶ 19. "However, where the sanction is to punish past misconduct, to vindicate the authority of the court, it is criminal." *Id.* ¶ 20.

In this case, the court issued a seven-day sanction as a violation of the stay-away order imposed as a condition of the Defendant's pretrial release in CF0375-24. *See People v. Derreck*

---

[2] In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27–28.

*Joseph*, CF0375-24 (Return of Warrant Hr'g Mins. at 10:08:29 – 14:28AM (July 14. 2025)). For the Defendant's first violation in CF0375-24, the report indicated that the Defendant:

> **Failed to abide by the no contact/stay away order.** On June 19, 2025, the undersigned received information from victim, Janel Cabe, that the Defendant failed to abide by the no contact/stay away order. The undersigned contacted Ms. Cabe, who emailed a written statement of the incident, that she provided to the Guam Police Department on June 18, 2025. According to the statement, the Defendant visited the victim's workplace and called her twelve (12) times by telephone. Also, that the Defendant had followed her while driving in Tamuning.

1st Violation Report, CF0375-24 (June 19, 2025). Pursuant to *Torres*, Judge Cenzon sanctioned the Defendant for his past misconduct that occurred on June 18, 2025; not for the underlying crimes charged in that case. Therefore, the court finds that jeopardy attached with that sanction imposed in CF0375-24 for violating a condition of his pre-trial release.

**B. Under *Blockburger*, Defendant Joseph's sanction for Contempt of Court in CF0375-24 barred the subsequent criminal prosecution of the offense of Violation of a Court Order in this case.**

Similar to the Guam Supreme Court in *Torres,* this court must determine whether the Defendant's initial criminal punishment under 7 GCA § 34101 bars a subsequent criminal punishment under 9 GCA § 30.40(a)(3) for the same acts. *See Torres*, 2008 Guam ¶ 40. "Determining whether a court can punish a defendant under two distinct statutory provisions for offenses arising out of a single act or transaction is a two-step analysis." *Id.*

"First, the court must determine whether the legislature has expressly authorized multiple punishments... Absent express authorization by the legislature, however, a presumption arises that the same offense cannot be punished under two separate statutory provisions." *Id.* ¶ 41 (internal citations omitted). Because Guam's legislature "has not expressly authorized multiple punishments, and there is also no clear indication of legislative intent to do so[,] [t]his invokes the presumption that if the two statutes proscribe the same conduct, punishment under the two

separate statutory provisions is barred." *Id.* ¶ 42. Therefore, "the court must then take the second step in its analysis, employing *Blockburger* to determine whether the two statutes in effect punish the same offense." *Id.*

"Unless each provision requires proof of an additional fact not required by the other, the two crimes are deemed the same offense and double jeopardy bars additional punishment and successive prosecution. Applying this test, courts have deemed offenses identical for purposes of the Double Jeopardy Clause where the evidence required to support conviction on one prosecution is sufficient to support conviction on a second prosecution." *Torres*, 2008 ¶ 43 (internal citations omitted).

As one of the conditions of his pre-trial release, "Defendant is ordered to stay away from, and have no Contact with the victim(s), either in person, through a third party, by telephone or letter, email, text or any electronic devices, including any specified witness as follows: Janel Cabe and D.J. (minor 2018)." *See People v. Derreck Joseph*, CF0375-24 (Order of Conditional Release and Appearance Bond (Sep. 20, 2024)).[3] Upon his release, the Defendant acknowledged receipt of his Order of Conditional Release and Appearance Bond, understanding that "a violation of this order is a Contempt of Court and shall cause me to be arrested and be subject to possible Further criminal charges ardor revocation of my pre-trial please." *Id.* at 2.

"Disobedience of any lawful judgment, order, or process of the court" constitutes as one of the acts Guam deems contempt of court. 7 GCA § 34101(a)(5). Among other violations within 9 GCA § 30.40, a violation of "an order requiring a person to stay away from the residence, dwelling, school, day care center, place of employment, or any other specified place or from a

---

[3] Although the Defendant was under the supervision of the Probation Services Division, he was not actively on probation because his case remained in pre-trial status.

specified person, within five hundred feet (500') of the specified place or specified person" is a punishable misdemeanor offense under Guam law. 9 GCA § 30.40(a) (3).

Although Violation of a Court Order lists more specific orders that a person must be shown to have violated, both Contempt of Court and Violation of a Court Order require proof of disobedience of a lawful order of the court. In light of this, Contempt of Court and Violation of a Court Order in effect punish the same offense under *Blockburger*. Therefore, double jeopardy bars this prosecution against the Defendant.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons stated above, the court hereby **GRANTS** the Defendant's Motion to Dismiss for Double Jeopardy Violation.

JUN 1 8 2026

**SO ORDERED** _____.

_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam